United States Court of Appeals,

Eleventh Circuit.

No. 95-8313.

Eugene E. POWELL, Plaintiff-Appellant,

v.

Joyce Marie POWELL;  John Dalton, Secretary of the Navy,
Defendants-Appellees.

April 15, 1996.

Appeal from the United States District Court for the Middle
District of Georgia. (No. 7:94-00110-CA-VAL), Wilbur D. Owens, Jr.,
Judge.

Before KRAVITCH and CARNES, Circuit Judges, and HILL, Senior
Circuit Judge.

CARNES, Circuit Judge:

Pursuant to the Uniform Services Former Spouses' Protection
Act (the "FSPA"), 10 U.S.C. § 1408, a state court awarded part of
Eugene Powell's naval retirement pay to his ex-wife, Joyce Powell,
as alimony.  Instead of appealing that award, Mr. Powell filed a
complaint in federal district court against Mrs. Powell and John
Dalton, who is Secretary of the Navy, contending that the FSPA is
unconstitutional as applied to him, because it amounts to an
unconstitutional taking of his property.

The district court entered summary judgment against Mr.
Powell, holding that the FSPA is not unconstitutional as applied to
him, and, alternatively, that he was barred from bringing his
action under principles of res judicata.  The court did not address
the Secretary's *Rooker-Feldman* defense.  Nonetheless, for the
reasons stated below, we hold that under the *Rooker-Feldman*
doctrine the district court lacked subject matter jurisdiction over

Mr. Powell's complaint.[1]  Accordingly, we vacate the district court's judgment and remand to that court with instructions to dismiss the complaint.

## I. BACKGROUND

In 1974, Eugene Powell signed his last re-enlistment contract with the Navy, which, like his prior contracts, promised that he would receive certain benefits including retirement pay.  He retired from the Navy in 1975, after honorably serving for approximately twenty-four years.

On June 26, 1981, the Supreme Court ruled in *McCarty v. McCarty,* 453 U.S. 210, 232, 101 S.Ct. 2728, 2741, 69 L.Ed.2d 589 (1981), that "the application of community property principles to military retired pay threatens grave harm to "clear and substantial' federal interests," and therefore that the application of community property principles is federally preempted.  Although the *McCarty* Court spoke in terms of the application of community property principles to military retirement pay, the Court's reasoning appeared to apply equally to the application of equitable distribution principles to such pay.  *See McCarty,* 453 U.S. at 224-28, 101 S.Ct. at 2737-39 (holding that, under federal law, military retirement pay is a "personal entitlement" and that Congress intended that military retirement pay reach the veteran and no one else).  When it acted to override the *McCarty* decision, Congress assumed that that decision applied to community property and equitable distribution states alike.

---

[1]Because of our *Rooker-Feldman* holding, we need not address the other issues raised on appeal.

In 1982, Congress enacted the FSPA, to reverse the effect of *McCarty* and allow the application of both community property and equitable distribution principles to military retirement pay. *See Mansell v. Mansell,* 490 U.S. 581, 584 n. 2, 109 S.Ct. 2023, 2026 n. 2, 104 L.Ed.2d 675 (1989) (stating that the FSPA "covers both community property and equitable distribution States"). The FSPA allows state courts to treat military retirement pay "for pay periods beginning after June 25, 1981, either as property solely of the [retiree] or as property of the [retiree] and his spouse in accordance with the law of the jurisdiction." 10 U.S.C.A. § 1408(c) (West.Supp.1995). The FSPA created a payment mechanism, whereby the spouse who is awarded a portion of the ex-spouse's military retirement pay in the state court may seek direct payment of it through the Secretary of the concerned armed forces branch. *Id.* at § 1408(d)(1).

Eugene Powell and Joyce Powell, who were married during nineteen of Mr. Powell's twenty-four years of military service, were divorced in a Georgia trial court in 1993 after almost thirty-seven years of marriage. In their divorce trial, the jury awarded Mrs. Powell $480.00 per month of Mr. Powell's naval retirement pay, which constituted forty percent of that pay. Pursuant to a provision in the FSPA, the Secretary of the Navy has taken that amount out of Mr. Powell's retirement pay each month and paid it directly to Mrs. Powell. The jury declined to award Mrs. Powell any of Mr. Powell's other retirement pay, which came from his employment with a private corporation.

Mr. Powell never raised in the Georgia trial court any issue

about the FSPA being unconstitutional as applied to him.  Nor did Mr. Powell seek review of the trial court's judgment before the Georgia appellate court, the Georgia Supreme Court, or the United States Supreme Court.

Instead, Mr. Powell filed this action in the federal district court against the defendants, Mrs. Powell and the Secretary of the Navy.  In his complaint, Mr. Powell claimed that the FSPA is unconstitutional as applied to him because it amounts to an unconstitutional taking of his property.[2]  Mr. Powell sought to enjoin the Secretary from distributing his naval retirement pay to Mrs. Powell, and to have the FSPA declared unconstitutional as applied to him and others similarly situated.  Mrs. Powell filed an answer to the complaint, and the Secretary moved to dismiss the complaint on the grounds that the district court was without jurisdiction under three theories:  (1) *Younger* abstention;  (2) *Barber* abstention;  and (3) *Rooker-Feldman*.  The Secretary argued alternatively that even if the district court had jurisdiction, there was no unconstitutional taking.

The district court treated the Secretary's motion to dismiss as one for summary judgment, *see* Fed.R.Civ.P. 12(c), and granted summary judgment in favor of the defendants, holding that the FSPA was not unconstitutional as applied to Mr. Powell.  In the alternative, the district court held that Mr. Powell's claim was barred under principles of res judicata.  The court did not address

---

[2]Although Mr. Powell made several other claims in his complaint before the district court, he did not appeal the district court's judgment rejecting those other claims, and we do not address them here.

the Secretary's *Rooker-Feldman* defense.  Mr. Powell filed this appeal.

## II. DISCUSSION

Mr. Powell argues that his claim is not barred under principles of res judicata, and that the FSPA is unconstitutional as applied to him.  However, before reaching either of those issues, we first address whether the district court had subject matter jurisdiction over Mr. Powell's claim.  That inquiry requires us to decide if, as the Secretary contends, the *Rooker-Feldman* doctrine bars Mr. Powell's claim from federal court.

According to the *Rooker-Feldman* doctrine, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings.  Review of such judgments may be had only in [the United States Supreme Court]."  *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S.Ct. 1303, 1315, 75 L.Ed.2d 206 (1983).  The doctrine has two statutory bases:  (1) 28 U.S.C. § 1257, which limits federal review of state court proceedings to the United States Supreme Court, and (2) 28 U.S.C. § 1331, which provides that federal district courts are courts of original jurisdiction.  *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923).  The doctrine applies not only to claims actually raised in the state court, but also to claims that were not raised in the state court but are "inextricably intertwined" with the state court's judgment. *Feldman,* 460 at 482 n. 16, 103 S.Ct. at 1315 n. 16.  This Court has recognized an "important limitation" on the *Rooker-Feldman* doctrine when the plaintiff had no "reasonable opportunity to raise his

federal claim in state proceedings." *Wood v. Orange County,* 715 F.2d 1543, 1547 (11th Cir.1983), *cert. denied,* 467 U.S. 1210, 104 S.Ct. 2398, 81 L.Ed.2d 355 (1984). In that situation, we consider that the federal claim was not "inextricably intertwined" with the state court's judgment. *Id.*

In this case, the state trial court, in accordance with Georgia principles of equitable division, awarded $480.00 of Mr. Powell's naval retirement pay, or forty percent of it, to Mrs. Powell. The court made that award pursuant to authorization contained in the FSPA. Mr. Powell's present federal claim that the FSPA is unconstitutional as applied to him is "inextricably intertwined" with the issue of whether the state court could award Mrs. Powell part of his naval retirement pay. If a federal district court were now to hold in Mr. Powell's favor on his federal claim, that holding would "effectively nullify" the state court's judgment that Mrs. Powell is to receive a portion of his naval retirement pay. *See Liedel v. Juvenile Court of Madison County,* 891 F.2d 1542, 1545 (11th Cir.1990); *see also Stern v. Nix,* 840 F.2d 208, 211-12 (3rd Cir.), *cert. denied,* 488 U.S. 826, 109 S.Ct. 77, 102 L.Ed.2d 53 (1988) (holding that because district court holding would "effectively reverse the state court judgment," the federal claim was "inextricably intertwined" with the state court judgment). The result would be that the state court's judgment, insofar as it pertains to money to be received by Mrs. Powell, would be collaterally reviewed and reversed in federal court, which is precisely what the *Rooker-Feldman* doctrine exists to prevent.

Mr. Powell contends that the *Rooker-Feldman* doctrine is inapplicable for several reasons. First, he argues that the doctrine does not apply here because he seeks to challenge the constitutionality of a federal, not a state, statute. Mr. Powell maintains that the *Rooker-Feldman* doctrine only "concerns subject matter jurisdiction in cases where direct review is sought of a state appellate court's decision involving state law." We disagree. Neither this Court nor the Supreme Court has limited the scope of the *Rooker-Feldman* doctrine to state court judgments based solely on state law. Even if the federal court collateral attack on the state court judgment is premised on the unconstitutionality of a federal statute, the *Rooker-Feldman* doctrine still applies. It still applies for reasons that go to the heart of our system of federalism—the dual dignity of state and federal court decisions interpreting federal law. "In our federal system, a state trial court's interpretation of federal law is no less authoritative than that of the federal court of appeals in whose circuit the trial court is located." *Lockhart v. Fretwell,* 506 U.S. 364, 376, 113 S.Ct. 838, 846, 122 L.Ed.2d 180 (1993) (Thomas, J., concurring). Moreover, the doctrine is not limited to state appellate court judgments. A litigant may not escape application of the doctrine by merely electing not to appeal an adverse state trial court judgment.

Mr. Powell also contends that the *Rooker-Feldman* doctrine does not apply because he did not have a "reasonable opportunity" to bring his claim in the state court proceeding. He argues that such an opportunity was lacking because: (1) the Secretary was not, and

could not have been, a party to that proceeding, and (2) even if the Secretary had been a party to that proceeding, the state court could not have enjoined the Secretary from making the payments to Mrs. Powell. Mr. Powell's argument is without merit. There is no reason that he could not have challenged the constitutionality of the FSPA as applied to him in the state court proceeding. Mr. Powell could have raised that claim in the state trial court, and he could have requested that court, if it agreed with his claim, to instruct the jury not to award any of his naval retirement pay to Mrs. Powell. Or, after the jury's verdict, he could have moved for modification of the jury's award, insofar as it divided his naval retirement pay. If he had raised the issue before the state trial court, Mr. Powell could have appealed any adverse judgment pertaining to the division of his naval retirement pay to the Georgia Court of Appeals, the Georgia Supreme Court, or the United States Supreme Court.

The absence of the Secretary from the state court proceeding did not deprive Mr. Powell of an opportunity to press his claim. If Mr. Powell had prevailed on his claim, the state court would not have awarded any of the naval retirement pay to Mrs. Powell, and the Secretary's absence would have been immaterial.

In *Mansell v. Mansell,* 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989), the Supreme Court reviewed on direct appeal a similar state court judgment, in a case in which the plaintiff challenged the payment of Air Force retirement pay to a former spouse. The Court had to "decide whether state courts, consistent with the [FSPA], may treat as property divisible upon divorce

military retirement pay waived by the retiree in order to receive veterans' disability benefits."  *Id.* at 583, 109 S.Ct. at 2025. The Secretary of the Air Force was not a party to that case, and at no time did the Supreme Court, or any of the state courts that reviewed the case, suggest that the Secretary was a necessary party.  Just as the plaintiff in    *Mansell* had a "reasonable opportunity" to raise that retirement pay claim in state court in the absence of the Secretary, so too did Mr. Powell have a reasonable opportunity to raise his federal claim regarding the FSPA in the state court proceeding.[3]

Accordingly, we hold that under the *Rooker-Feldman* doctrine the district court lacked jurisdiction over Mr. Powell's claim that the FSPA is unconstitutional as applied to him.  That claim could, and should, have been raised in the state court, not in a federal court in what amounts to a collateral attack on the state court judgment.

### III. CONCLUSION

We VACATE the judgment of the district court, and REMAND to that court with instructions to dismiss the complaint.

---

[3]Mr. Powell also seems to suggest that this case is distinguishable from *Feldman* because it, unlike *Feldman,* involves a general challenge to a statute, instead of a particularized challenge.  However, the essence of Mr. Powell's claim is that the FSPA is unconstitutional *as applied to him,* which clearly is a particularized challenge to the Georgia state trial court's judgment.