**COREGIS INSURANCE COMPANY, Plaintiff,**

v.

**CITY OF HAMTRAMCK, William Robinson, David Donnell, General Star Indemnity Company, and Northfield Insurance Company, Defendants.**

No. 97–CV–75654–DT.

United States District Court,
E.D. Michigan,
Southern Division.

July 14, 1998.

Arthur F. Brandt, Chicago, IL, for plaintiff.

John R. Monnich, Troy, MI, John P. Jacobs, Southfield MI, Steven Galbraith, Southfield, MI, James G. Gross, Detroit, MI, Earl E. Ward, Hamtramck, MI, for defendants.

## *OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT*

ROSEN, District Judge.

### I. *INTRODUCTION*

This is a declaratory judgment action in which Plaintiff, Coregis Insurance Company, seeks a declaration of its rights and obligations under a commercial umbrella liability insurance policy issued by Coregis's predecessor-in-interest, International Insurance Company, bearing policy number 531–002306–7 (the "International policy"). The dispute over insurance coverage arises out of a Wayne County Circuit Court police brutality lawsuit brought by Anthony Sudul and his family against the City of Hamtramck and Hamtramck Police Officers William Robinson and David Donnell (the "*Sudul* case") .[1]

---

1. In their state court Complaint, Plaintiffs had originally named a number of other Hamtramck Police Officers in addition to Defendants Robinson and Donnell. However, prior to trial, the other named police officer-defendants were dismissed from the action.

## II. PERTINENT FACTUAL BACKGROUND

In their state-court Complaint in the *Sudul* action, the plaintiffs alleged that Anthony Sudul was assaulted and battered by the police officers in the presence of his wife and children in connection with an otherwise lawful arrest. The *Sudul* case was originally tried in August 1993 and a jury awarded the Suduls damages in excess of $200,000. The verdict was appealed, and the Michigan Court of Appeals reversed and remanded the case to the circuit court for retrial on February 11, 1997. *See Sudul v. City of Hamtramck*, 221 Mich.App. 455, 562 N.W.2d 478 (1997).

The case was subsequently retried in Wayne County Circuit Court on September 1997 and on September 23, 1997, the jury returned a verdict awarding the Suduls $2,787,500 in compensatory and punitive damages. No judgment, however, was immediately entered.

Instead, on October 24, 1997, noting that a judgment on the jury verdict had not yet been entered, and having been informed that the Suduls and the defendants wanted to explore settlement of the matter, *and* further noting that the three insurance companies which had issued policies to the City of Hamtramck, might want to contest coverage for the judgment, the court entered an Order pursuant to M.C.R. 2.401 and 2.605,[2] directing all of Hamtramck's insurers to appear for a settlement conference at 12:30 p.m. on November 13, 1997.

It was in reaction to—and in an apparent attempt to avoid—the Wayne County Circuit Court's Order to Appear that Plaintiff Coregis, one of the City of Hamtramck's insurers, filed the instant declaratory judgment action in this Court at 11:09 a.m. on November 13, 1997, i.e., less than an hour and half before they were ordered to appear for the settlement conference in the state court.

In response, Defendants Robinson and Donnell filed a Motion to Dismiss, asking this Court to dismiss this action and allow the matter—including the declaration of rights issues—to proceed before the Wayne County Circuit Court. Defendant Northfield Insurance Company subsequently filed a concurrence in this motion.

On February 5, 1998, this Court convened an initial pretrial/scheduling conference with counsel for the parties. At that conference, observing that no Judgment had yet been entered in the underlying state court *Sudul* action, the Court expressed to counsel its view that the instant declaratory judgment action might be premature and indicated that it was inclined to dismiss this action without prejudice pending entry of judgment in the underlying action.

Before the Court acted on its initial inclination to dismiss the case pending entry of the state court judgment, on March 26, 1998 the Wayne County Circuit Court (MacDonald, J.) entered a Judgment in the *Sudul* case. The Court viewed the entry of Judgment as mooting the issue of prematurity of this declaratory judgment action and was prepared to permit the parties to proceed with the matter in federal court.

However, on April 10, 1998, Plaintiff filed a Second Amended Complaint in this matter, to which it attached a number of exhibits. Among these exhibits were copies of various state court orders entered in the *Sudul* action. The Court found of particular importance a "Stipulated Order Enforcing Covenant Not to Execute Upon Judgment" entered by the Wayne County Circuit Court on April 2, 1998 which provided in pertinent part, as follows:

IT IS HEREBY ORDERED that the jury verdict in this matter announced on Sep-

---

**2.** M.C.R. 2.401 provides in pertinent part:

**(F) Presence of Parties at Conference.** In the case of a conference at which meaningful discussion of settlement is anticipated, the court may direct that persons with authority to settle the case, *including* the parties to the action, agents of parties, representatives of lien holders, *or representatives of insurance carriers:*
(1) be present at the conference....

M.C.R. 2.401(F).

M.C.R. 2.605(A) provides:

**(A) Power to Enter Declaratory Judgment.**
(1) In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment....

tember 23, 1997 and Judgment entered thereon on March 26, 1998 **shall, in all respects, be fully enforceable against the International Insurance Company and/or the Coregis Insurance Company** and/or the Crum and Forster Managers' Insurance Corporation **pursuant to International Insurance Company Policy Number 531–002306–7,** *to the extent which the Court finds that these insurers shall owe insurance coverage,* but shall not be enforceable against any other party or parties . . . .

    \*      \*      \*      \*      \*      \*

IT IS FURTHER ORDERED that nothing herein shall be construed as prejudicial to or as a waiver of any rights on the part of International Insurance Company and/or Coregis Insurance Company . . . to make Post trial Motions or to appeal the Judgment of March 26, 1998.

■ The foregoing provisions make clear that the Wayne County Circuit Court has retained jurisdiction over this matter, and one specific purpose for its retention of jurisdiction is to determine the coverage, if any, owed by Coregis Insurance Company under the International policy for the *Sudul* Judgment. This is precisely the same issue presented by Coregis in the instant action.

Plaintiff is effectively asking this Court to ignore the Wayne County Circuit Court's retention of jurisdiction and any decision rendered by that court regarding Coregis's responsibility for the *Sudul* Judgment. Such a request, however, violates the *Rooker–Feldman* Doctrine.

### III. *DISCUSSION*

#### A. *The Rooker–Feldman Doctrine*

Under the United States Supreme Court's decisions in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), and their progeny, this Court lacks jurisdiction to entertain Plaintiff's declaratory judgment action.

■ The Supreme Court's decisions in *Rooker, supra,* and *Feldman, supra,* taken together, stand for the proposition that the inferior federal courts lack the authority to perform, in effect, what would be an appellate review of state court decisions. This now well-settled rule has become known as the *Rooker–Feldman* Doctrine.

In *Rooker,* the plaintiffs brought an action in a federal district court claiming that an Indiana state statute violated their federal constitutional rights, even though the issues which the plaintiffs raised had been decided by an Indiana Circuit Court and affirmed by the Indiana Supreme Court. In affirming the federal district court's dismissal of the action based on lack of jurisdiction, the United States Supreme Court stated that the state courts had jurisdiction to determine the constitutional validity of the state's statutes and, until reversed or modified by a state court, the state judgment would be an effective and conclusive adjudication, even before an inferior federal court. 263 U.S. at 415, 44 S.Ct. 149. In particular, the Court held that the inferior federal courts lacked jurisdiction to entertain a proceeding to reverse or modify a state court judgment since it would be an exercise of appellate jurisdiction and the jurisdiction possessed by the federal district court is strictly original. *Id.* at 414–17, 44 S.Ct. 149.

In *Feldman,* the plaintiff submitted to the District of Columbia Court of Appeals a petition for admission to the bar of the District of Columbia after he had been refused the right to take the bar examination because he had not graduated from an approved law school, as required by the District of Columbia rules. After the District of Columbia Court of Appeals denied the plaintiff's petition, he brought an action in a federal district court alleging that he had a right to take the bar exam pursuant to the Fifth Amendment, and that, denying him this right, due to his law school's lack of accreditation, was a violation of the Fifth Amendment and the Sherman Act. In finding that the federal district court had no jurisdiction over this matter, the U.S. Supreme Court held that plaintiffs seeking review of state court decisions must first exhaust the appellate review available to them at the state court level and then, they may appeal only to the United States Su-

preme Court. *Feldman,* 460 U.S. at 486, 103 S.Ct. 1303.

■ Since these decisions, the U.S. Courts of Appeal and the U.S. Supreme Court have stated broadly that when presented with claims that raise issues which were the subject of, or inextricably intertwined with, state court decisions, the inferior federal courts must apply the *Rooker–Feldman* Doctrine and dismiss the claims, *even where the inextricably intertwined issues underlying the claims before it were not raised in state court, or where the time for appeal in the state court system has expired. Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (Marshall, J. concurring) (emphasis added); *Garry v. Geils,* 82 F.3d 1362, 1369–70 (7th Cir.1996); *Keene Corp. v. Cass,* 908 F.2d 293 (8th Cir.1990); *Worldwide Church of God v. McNair,* 805 F.2d 888 (9th Cir.1986); *Curry v. Baker,* 802 F.2d 1302 (11th Cir.), *cert. dismissed,* 479 U.S. 1023, 107 S.Ct. 1262, 93 L.Ed.2d 819 (1986); *Hale v. Harney,* 786 F.2d 688 (5th Cir.1986); *Blue Cross & Blue Shield of Md. v. Weiner,* 868 F.2d 1550, 1556 (11th Cir. 1989). Put simply, claims like these are barred from the inferior federal courts because these courts have no authority to review state court decisions or any issues that either the state court or the parties considered or raised, *or could have,* in the course of the state court decisions. *See, e.g., Garry, supra,* 82 F.3d at 1369–70; *Ritter v. Ross,* 992 F.2d 750, 753 (7th Cir.1993) ("Impermissible appellate review may occur when a district court is asked to entertain a claim that was not even argued in the state court but is [still] 'inextricably intertwined' with the state court judgment." *Id.,* quoting and citing *Feldman,* 460 U.S. at 483 n. 16, 103 S.Ct. 1303). *See also, Hart v. Comerica,* 957 F.Supp. 958 (E.D.Mich.1997); *Community Treatment Centers, Inc. v. City of Westland,* 970 F.Supp. 1197 (E.D.Mich.1997).

■ Thus, as the Court discusses below, an inferior federal court must apply the *Rooker–Feldman* Doctrine to dismiss cases for lack of jurisdiction where: (1) the party against whom the Doctrine is being applied had the opportunity to raise the issues before the inferior federal court, or those inextrica-

bly intertwined therewith, in prior state court proceedings; and (2) either the prior state court proceedings adjudicated the issues before the inferior federal court, or the issues before the federal court are inextricably intertwined with the issues which were the subject of the state court proceedings.

### 1. The "Parties" to the Prior State Court Proceedings for Rooker–Feldman Purposes.

The Sixth Circuit has held that to apply the *Rooker–Feldman* Doctrine to bar a federal plaintiff's claim, the court must find that the plaintiff was a "party" to the underlying state court proceedings. *United States v. Owens,* 54 F.3d 271, 274 (6th Cir.1995) (*Rooker–Feldman* does not apply to bar a suit in a federal court brought by a party that was not a party in the preceding action in state court, nor does it bar a party against whom there is no state court judgment).

■ In *Owens,* the Sixth Circuit held that a plaintiff is deemed to be a party for *Rooker–Feldman* purposes where *(1) he or she had the opportunity to raise his or her claims in the state court proceedings and (2) where failure to do so would impact detrimentally on his or her legal rights and interests. Id.* at 274 (emphasis added). *See also, Hart v. Comerica, supra; Community Treatment Centers, Inc. v. City of Westland, supra.* The alignment or designation of the parties in the state court action is not relevant where the federal plaintiff is essentially "appealing" or attempting to re-litigate issues raised and resolved, or issues which could have been raised and resolved, in the state court.

Applying the foregoing authorities, the Court finds that Plaintiff Coregis was a party to the Wayne County Circuit Court proceedings. The Wayne County Circuit Court entered an Order ordering that the *Sudul* Judgment be enforceable against Coregis. Further, the state court's Orders discussed above make it clear that Coregis had the opportunity to appear and be heard in the state court proceedings and doing so was necessary to preserve its rights with respect to its contention that it had no obligation

under the International policy for the state court Judgment.

### 2. *Rooker–Feldman Applies to All Matters before an Inferior Federal Court which Were the Subject of, or Inextricably Intertwined with, Prior State Court Judgments, Not Just Those which Raise Federal Questions.*

While the Court does note that when courts apply the *Rooker–Feldman* Doctrine, typically the plaintiffs are alleging, before the inferior federal court, violations of their federal rights or violations of federal statutes, this is of no legal significance to the applicability of the Doctrine. *See, e.g., Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 509–12 (7th Cir.1996) (applying *Rooker–Feldman* to claims of common law fraud, negligent misrepresentation, attorney malpractice, breach of fiduciary duty, and conversion). *See also, Powell v. Powell*, 80 F.3d 464 (11th Cir.1996).

 Indeed, it is clear that, as a matter of federalism and federal-state comity, the argument for applying the *Rooker–Feldman* Doctrine to diversity cases is even stronger, since, in such an instance, the inferior federal court would otherwise be acting as a court of appeal over state court decisions about state law. Thus, the Court finds that *Rooker–Feldman* applies to all issues raised in a federal court—federal causes of action, constitutional rights, state common law issues, or otherwise—which were the subject of, or inextricably intertwined with, prior state court judgments. In particular, the Court concludes that this application is appropriate because the *Rooker–Feldman* Doctrine itself is about the proper jurisdiction of a federal court in a federalist system that values and recognizes federal-State comity.

Applying the foregoing authorities to the facts of this case, the Court finds that under the *Rooker–Feldman* Doctrine, it lacks jurisdiction to entertain Plaintiff Coregis Insurance Company's declaratory judgment action. Coregis has been afforded a full opportunity to present the very issues and arguments it raises here before the Wayne County Circuit Court which specifically has retained jurisdiction for the purpose of adjudicating Core-

gis's rights and obligations under the International policy with respect to the *Sudul* Judgment. Any decision rendered by the Wayne County Circuit Court is appealable in the Michigan state court system and then subject to review by the U.S. Supreme Court.

### IV. *CONCLUSION*

For all of the foregoing reasons,

IT IS HEREBY ORDERED that this case, be and hereby is, DISMISSED without prejudice to Plaintiff's rights to proceed with this matter in state court.