[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10187
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 20, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-80443-CV-KLR

STEWART GREENBERG,

                                                    Plaintiff-Appellant,

                        versus

JAMES ZINGALE, Chairman,
Executive Director Florida
Department of Revenue, in
his official capacity,
FLORIDA DEPARTMENT OF REVENUE,
15TH JUDICIAL CIRCUIT OF FLORIDA
IN AND FOR PALM BEACH COUNTY, The
Honorable Edward Fine, Chief Judge,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 20, 2005)

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Plaintiff Stewart Greenberg appeals the district court's grant of the defendants' motion to dismiss his complaint challenging the constitutionality of Florida's alimony provisions, Fla. Stat. ch. § 61.08 et seq. After review, we affirm.

## I. BACKGROUND

In a separate state court case, the Florida state trial court awarded alimony to Mrs. Elaine Greenberg, pursuant to Fla. Stat. ch. § 61.08. Subsequently, Mr. Greenberg, pro se, filed a complaint in federal court challenging the constitutionality of Florida's alimony provisions. Upon the defendants' motion, the district court dismissed Greenberg's complaint. Greenberg appeals.

## II. DISCUSSION

A. **Facial Constitutional Challenges**

On appeal, Greenberg argues that the alimony provisions in Fla. Stat. Ann. § 61.08 et seq., are facially unconstitutional because they violate: (1) the due process clause of the Fourteenth Amendment; (2) the equal protection clause of the Fourteenth Amendment; and (3) the Thirteenth Amendment's ban on involuntary servitude.

2

## 1. Due Process

We first conclude that Greenberg has failed to state a substantive due process claim. The Due Process Clause of the Fourteenth Amendment provides that no "State [shall] deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Substantive due process protects those rights that are considered "fundamental" or "implicit in the concept of ordered liberty." McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994) (en banc) (quotation marks omitted). This Court has recognized that "the right to marry is a fundamental right protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. . . ." Parks v. City of Warner Robins, Ga., 43 F.3d 609, 613 (11th Cir. 1995) (citing Planned Parenthood v. Casey, 505 U.S. 833, 112 S. Ct. 2791 (1992); Zablocki v. Redhail, 434 U.S. 374, 98 S. Ct. 673 (1978); Loving v. Virginia, 388 U.S. 1, 87 S. Ct. 1817 (1967); McCabe v. Sharrett, 12 F.3d 1558 (11th Cir. 1994)).

Greenberg argues that the district court erred in failing to apply the strict scrutiny standard of review to Fla. Stat. ch. § 61.08. We disagree. "[T]he Supreme Court has held that not every statute 'which relates in any way to the incidents of or prerequisites for marriage' must be subjected to strict scrutiny." Parks, 43 F.3d at 613 (quoting Zablocki, 434 U.S. at 386, 98 S. Ct. at 681). "'To

the contrary, reasonable regulations that do not <u>significantly interfere</u> with decisions to enter into the marital relationship may legitimately be imposed." <u>Id.</u> (emphasis in original) (quoting <u>Zablocki</u>, 434 U.S. at 386, 98 S. Ct. at 681). "A statutory classification must interfere "directly and substantially" with the right to marry before it violates the Due Process Clause." <u>Id.</u> (quoting <u>Zablocki</u>, 434 U.S. at 387, 98 S. Ct. at 681).

We conclude that Florida's alimony provisions do not directly and substantially interfere with the right to marry. The Florida alimony provisions do not prohibit marriage, nor prevent a person from marrying, nor substantially interfere with the right to marry. Moreover, the alimony provisions do not prohibit divorce, prevent a person from dissolving his or her marriage, nor substantially interfere with the decision to divorce. Indeed, the alimony provisions do not affect a Floridian's ability to obtain a divorce or to remarry. The Florida provisions simply provide a mechanism for parties to receive spousal support while they dissolve their marriage.[1]

---

[1]Although there is no decision directly on point under the United States Constitution, the Florida courts have rejected a constitutional challenge to Florida's alimony provisions under the Florida Constitution. <u>See</u> <u>Pacheco v. Pacheco</u>, 246 So. 2d 778, 782 (Fla. 1971) (considering under the Florida Constitution the constitutionality of permitting the denial of alimony to an adulterous wife, and concluding that, "§ 61.08 is a valid exercise of the State's police power and does not contravene constitutional assurances of due process and equal protection"); <u>see also</u> <u>Barna v. Barna</u>, 850 So. 2d 603, 604 (Fla. Dist. Ct. App. 2003) (finding constitutional attack on Florida alimony provisions to be so frivolous as to support the award of attorney's fees against

Because Florida's alimony provisions do not directly and substantially interfere with the right to marry, we subject the provisions to rational basis scrutiny. Parks, 43 F.3d at 614-15. Rational basis review only requires that a statute be "rationally related to the achievement of a legitimate government purpose." Gary v. City of Warner Robins, Ga., 311 F.3d 1334, 1338-39 (11th Cir. 2002) (quotation marks and citation omitted). We conclude, and Greenberg does not dispute, that the alimony provisions satisfy rational basis review. Thus, Greenberg has failed to state a substantive due process claim.

**2.    Equal Protection**

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

In Orr v. Orr, 440 U.S. 268, 282-83, 99 S. Ct. 1102, 1112-14 (1979), the Supreme Court struck down Alabama's alimony statute because it allowed wives, not husbands, to receive alimony. The Alabama alimony statute on its face treated men filing for divorce differently than women, even though the two were similarly situated. Applying intermediate scrutiny, the Supreme Court determined that the statute violated the Equal Protection Clause. Id.

the party who asserted it).

5

In this case, Greenberg has not alleged that the Florida alimony provisions on their face create classifications between similarly situated people. Any party filing for divorce has the right to request alimony pursuant to Fla. Stat. ch. § 61.08. Accordingly, Greenberg has failed to state a claim under the Equal Protection Clause.

### 3. Involuntary Servitude

The Thirteenth Amendment provides that "[n]either slavery nor involuntary servitude, except as a punishment for crime . . ., shall exist within the United States. . . ." U.S. Const. Amend XIII, § 1. As stated by the Supreme Court, "[t]he primary purpose of the [Thirteenth] Amendment was to abolish the institution of African slavery as it had existed in the United States at the time of the Civil War. . . ." United States v. Kozminski, 487 U.S. 931, 942, 108 S. Ct. 2751, 2759 (1988). In Kozminski, the Supreme Court noted that "in every case in which this Court has found a condition of involuntary servitude, the victim had no available choice but to work or be subject to legal sanction." Id. at 943, 108 S. Ct. 2760.

In this case, Greenberg has failed to state a cause of action under the Thirteenth Amendment. Alimony is not the type of subject matter the Thirteenth Amendment was designed to address. Further, the Florida alimony provisions do not employ the use of physical or legal coercion to force people into involuntary

6

servitude. Although Floridians who are required to pay alimony must do so or face consequences, such as being held in contempt of court, the district court correctly concluded that this does not amount to involuntary servitude.[2]

## B.    As Applied Constitutional Challenge

Although the district court had jurisdiction to address Greenberg's facial constitutional challenges to Fla. Stat. ch. § 61.08 et seq., the district court correctly determined that it lacked subject matter jurisdiction under the Rooker-Feldman doctrine to address Greenberg's "as applied" constitutional challenge.[3] In contrast to the facial constitutional challenge, Greenberg's as applied challenge is inextricably intertwined with the state court proceedings and is barred by the Rooker-Feldman doctrine.

According to the Rooker-Feldman doctrine, "'a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United States Supreme Court].'" Powell v. Powell, 80 F.3d 464, 466 (11th Cir. 1996) (alteration in

---

[2]Greenberg also argues that he was entitled to an evidentiary hearing because the district court failed to accept the facts in his complaint as true; however, he fails to state any specific examples of facts that the district court did not accept as true.

[3]The Rooker-Feldman doctrine is based on the following two cases: District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149 (1923).

7

original) (quoting Feldman, 460 U.S. at 482, 103 S. Ct. at 1315).  "The doctrine

applies not only to claims actually raised in the state court, but also to claims that

were not raised in the state court but are 'inextricably intertwined' with the state

court's judgment."  Powell, 80 F.3d at 466.

The Florida state trial court awarded alimony to Mrs. Greenberg, pursuant to

Fla. Stat. ch. § 61.08.  Mr. Greenberg's claim that the alimony provisions are

unconstitutional as applied to him is inextricably intertwined with the state court's

decision to award alimony to Mrs. Greenberg.  If we were now to hold that the

Florida trial court unconstitutionally applied the Florida alimony provisions as to

Greenberg, we would "effectively nullify" the state court's judgment that Mrs.

Greenberg receive alimony.  See Powell, 80 F.3d at 467 (holding that Rooker-

Feldman barred "as applied" challenge to state court decision to distribute a

portion of husband's naval retirement pay to wife upon divorce).[4]

---

[4]This Court does have jurisdiction to hear Greenberg's facial challenge to the alimony provisions.  This facial challenge is not "inextricably intertwined" because this claim does not succeed only to the extent that the state court wrongly decided the issues before it.  See Feldman, 460 U.S. at 482-83 & 486, 103 S. Ct. at 1315-16 & 1317 (stating that federal courts "have subject matter jurisdiction over general challenges to state [statutes] . . . which do not require review of a final state-court judgment in a particular case"); see also Dale v. Moore, 121 F.3d 624, 626-27 (11th Cir. 1997) (noting that district courts have jurisdiction over facial constitutional challenges); Blue Cross and Blue Shield of Maryland v. Weiner, 868 F.2d 1550, 1554 (11th Cir. 1989) ("Thus, although federal district courts have jurisdiction over general constitutional challenges, Rooker and Feldman prohibit such courts from exercising jurisdiction to decide federal issues that are inextricably intertwined with a state court's judgment.").

Thus, the district court properly dismissed Greenberg's as applied challenge for lack of subject matter jurisdiction.

## III. CONCLUSION

For the foregoing reasons, the district court properly dismissed Greenberg's complaint.

**AFFIRMED.**