[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 4, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10299
Non-Argument Calendar
_____

D. C. Docket No. 04-02500-CV-T-24-TBM

LEONARD FRANCIS INCORVAIA,

Plaintiff-Appellant,

versus

HELEN CLAUDETTE INCORVAIA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 4, 2005)**

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Leonard Francis Incorvaia, proceeding pro se, appeals the district court's sua

sponte dismissal of his 42 U.S.C. § 1983 civil rights action for lack of jurisdiction

under the "Rooker-Feldman doctrine."[1]  In a "Petition for Writ of Ce[r]tiorari," Incorvaia filed this action against his former wife, Helen Claudette Incorvaia, asking the district court to review an order of the Second District Court of Appeal of Florida affirming a final judgment of dissolution of marriage.  Incorvaia asserted that the dissolution order violated his due process rights, the Sixth Amendment, and the Contracts Clause of the Constitution.  The district court held that the Rooker-Feldman doctrine barred the instant action and dismissed the action for lack of jurisdiction.  On appeal, Incorvaia argues that the state trial court abused its discretion by ordering him to pay his former wife $153,000 despite evidence that she had presented fraudulent financial evidence during the divorce proceedings and a domestic violence injunction hearing.

We review de novo a district court's dismissal for lack of subject-matter jurisdiction.  See Williams v. Best Buy, 269 F.3d 1316, 1318 (11th Cir. 2001). After careful review of the record and the parties' briefs, we affirm.

The Rooker-Feldman doctrine limits the subject-matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation.  See Rooker, 263 U.S. at 415-16, 44 S.Ct. at 150; Feldman,

---

[1]See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82, 103 S. Ct. 1303, 1311-15, 75 L. Ed. 2d 206 (1983).

2

460 U.S. at 476-82, 103 S.Ct. at 1311-15. Under this doctrine, federal courts, other than the U.S. Supreme Court, "have no authority to review the final judgments of state courts" which involve the same parties as the parties in the federal action, and this jurisdictional bar "extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." Goodman ex. rel Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001); see also Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249, 1266 n.11 (11th Cir. 2003). "A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Goodman, 259 F.3d at 1332. Nevertheless, "even if a claim is 'inextricably intertwined' with the state court's judgment, the doctrine does not apply if the plaintiff had no 'reasonable opportunity to raise his federal claim in state proceedings.'" Id. (internal citation omitted).

The district court did not err by finding that it lacked jurisdiction to review Incorvaia's action based on the Rooker-Feldman doctrine. The parties involved in the federal and state actions are the same, and the state court entered a final judgment before Incorvaia filed his federal action. Moreover, Incorvaia's federal claims were "inextricably intertwined" with the state court's final judgment of

3

dissolution of his marriage, and he had a reasonable opportunity to raise his claims in state court. If we were now to hold that the Florida trial court's alimony order was unconstitutional, we would "effectively nullify" the state court's judgment. See Powell v. Powell, 80 F.3d 464, 467 (11th Cir. 1996) (holding that Rooker-Feldman barred 'as applied' challenge to state court decision to distribute a portion of husband's naval retirement pay to wife upon divorce). Accordingly, we affirm.

**AFFIRMED.**