[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 27, 2006
THOMAS  K. KAHN
CLERK**

No. 05-15287
Non-Argument Calendar

D. C. Docket No. 05-00110-CV-4-SPM-AK

JAMES A. TORCHIA,

Plaintiff-Appellant,

versus

STATE OF FLORIDA OFFICE OF
FINANCIAL INSTITUTIONS AND
SECURITIES REGULATION,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Florida

**(February 27, 2006)**

Before DUBINA, HULL and COX, Circuit Judges.

PER CURIAM:

James A. Torchia appeals the district court's dismissal of his declaratory judgment action on *Rooker-Feldman* doctrine grounds, as well as the district court's denial of his motion to amend his complaint. Because we agree that the *Rooker-Feldman* doctrine bars Torchia's claim, we affirm.

The State of Florida's Office of Financial Regulation (the "State") brought Torchia before an administrative court to answer for his selling, as an unregistered dealer, unregistered securities, in violation of Florida Statutes § 517. The administrative hearing officer found that Torchia had violated the statute multiple times, and recommended fining him $120,000. Torchia appealed to Florida's Fourth District Court of Appeal, which affirmed the administrative hearing officer's findings. Torchia then sought discretionary review from the Florida Supreme Court, which declined to hear his case. Torchia did not appeal to the United States Supreme Court.

Four months later, Torchia filed this declaratory judgment action, alleging that "Chapter 517 as applied in light of Chapter 626 is unconstitutionally vague." (R.-1 at 14 ¶34.); *Torchia v. State of Fla., Office of Financial Regulation*, 2005 WL 2007105 at *2 (11th Cir. 2005). The State filed a motion to dismiss, asserting, among other things, that based on the *Rooker-Feldman* doctrine, the district court lacked subject matter jurisdiction. The court granted the motion. The court also denied

2

Torchia's request for leave to amend his complaint to substitute an individual party for the State to avoid an Eleventh Amendment dismissal. Torchia now appeals.

The *Rooker-Feldman* doctrine jurisdictionally bars federal district courts from reviewing state court decisions. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, __ U.S. __, 125 S. Ct. 1517, 1522-23 (2005). This circuit has applied the *Rooker-Feldman* doctrine to hold that district courts have no subject matter jurisdiction to review claims not raised in state court, but "inextricably intertwined" with a state court judgment. *Powell v. Powell*, 80 F.3d 464, 466 (11th Cir. 1996). This application is limited by the further rule that a claim that the plaintiff had no opportunity to raise in state court cannot be barred by *Rooker-Feldman*. *Id.* at 467.

In this case, as in *Powell*, Torchia's as-applied constitutional claims are inextricably intertwined with the state-law litigation that resulted in his fines. *See id.* If we decide that Section 517 of the Florida Statutes was unconstitutionally applied to Torchia, as he claims, we necessarily nullify the state court judgment that resulted in his fine under that section. It is clear that, under Florida law, Torchia should have brought his as-applied constitutional challenge as part of his state court litigation. *See Key Haven Assoc. Enter. v. Board of Trustees*, 427 So. 2d 153, 158 (Fla. 1982).

Our conclusion that the district court lacked subject matter jurisdiction because

3

of the *Rooker-Feldman* doctrine moots the other issues presented by Torchia on this appeal.

AFFIRMED.