[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15411
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cv-00399-MCR-EMT

JOHN WILLIAM CARTER,

Plaintiff-Appellant,

versus

CLINTON WELLS KILLINGSWORTH,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 6, 2013)

Before TJOFLAT, PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

John William Carter, proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his civil complaint for lack of jurisdiction based on the *Rooker-Feldman* doctrine. After reviewing the record and Mr. Carter's brief, we affirm.

On August 30, 2011, Mr. Carter filed a *pro se* complaint alleging that Clinton Wells Killingsworth's pest control company damaged his home by not inspecting or treating it for rot or termite damage, in violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312. His complaint was referred to a magistrate judge, who took judicial notice of the public docket of the Circuit Court in and for Escambia County, Florida. According to the state court docket, Mr. Carter sued Mr. Killingsworth in 2009 for fraud, negligence, and violation of Florida's Deceptive and Unfair Trade Practices Act, *see* Fla. Stat. § 501.201 *et seq*., for the same alleged conduct. The state court granted summary judgment in Mr. Killingsworth's favor. That ruling was affirmed on appeal, and the Florida Supreme Court dismissed Mr. Carter's subsequent petition for review.

The magistrate judge recommended that Mr. Carter's complaint should be dismissed on two alternative grounds: (1) Mr. Carter failed to satisfy the $50,000.00 amount-in-controversy requirement of 15 U.S.C. § 2310(d); and (2) the claim was barred by the *Rooker-Feldman* doctrine. The district court adopted the magistrate's recommendation in full and dismissed Mr. Carter's action for lack of jurisdiction. Mr. Carter appealed, and we affirmed on the ground that he had failed to satisfy the amount-in-controversy requirement. We did not address the alternative ground for dismissal under the *Rooker-Feldman* doctrine. *See Carter v. Killingsworth*, 477 F. App'x 647 (11th Cir. 2012).

2

On August 20, 2012, Mr. Carter filed a second *pro se* complaint with the same claim against Mr. Killingsworth, but he now alleged that a new inspection placed the total cost of repair for rot and termite damage resulting from Mr. Killingsworth's actions at $53,000.00, thereby satisfying the amount-in-controversy requirement of 15 U.S.C. § 2310(d). This time, the magistrate judge recommended that the district court apply the *Rooker-Feldman* doctrine because Mr. Carter brought his failed state court action to a federal court for appellate review. Additionally, the magistrate judge noted that Mr. Carter could have brought his federal claim in his state court action because the Magnuson-Moss Warranty Act allows plaintiffs to sue in state court. *See* 15 U.S.C. § 2310(d)(1)(A).

In his objection to the magistrate judge's report and recommendation, Mr. Carter acknowledged that he did not prevail in state court because the state court granted summary judgment and his appeals were rejected. But he argued that there was no resolution of his state-court case because "the [entry of] summary judgment…prevented [him] from getting [his] case settled in state court." D.E. 6 at 1. He also claimed that filing suit in federal court was his "last resort."  After considering Mr. Carter's objections, the district court adopted the magistrate judge's report and recommendation and dismissed his case for lack of jurisdiction.

We review *de novo* a district court's dismissal for lack of subject-matter jurisdiction. *See Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009).  The

3

*Rooker-Feldman* doctrine "bars federal district courts from reviewing state court decisions." *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009). *See also Rooker v. Fidelty Trust Co.*, 262 U.S. 413, 415-16 (1923); *Dist. of Colombia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). This is because appellate authority over final state-court decisions rests with the Supreme Court of the United States. *See Doe v. Fla. Bar*, 630 F.3d 1336, 1341 (11th Cir. 2011). The doctrine applies when the "losing party in state court file[s] suit in federal court after the state proceedings end[], complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Nicholson*, 558 F.3d at 1273 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)). The *Rooker-Feldman* doctrine, however, does not prohibit a "district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil*, 544 U.S. at 293. Instead, the losing party must "in effect seek[] to take an appeal" of a state-court decision. *Lance v. Dennis*, 546 U.S. 459, 466 (2006).

The *Rooker-Feldman* doctrine applies both to claims that were raised in the state court proceeding and those "inextricably intertwined" with the state judgment. *See Casale*, 558 F.3d at 1260. "A claim is inextricably intertwined if it would effectively nullify the state-court judgment or it succeeds only to the extent that the state court wrongly decided the issues." *Id*. (citations omitted) (internal

4

quotation marks omitted).  But the doctrine does not apply unless the plaintiff was given a "reasonable opportunity to raise his federal claim in state proceedings." *Id*. (quoting *Powell v. Powell*, 80 F.3d 464, 467 (11th Cir. 1996)).

In this case, the requirements for the *Rooker-Feldman* doctrine are met. First, Mr. Carter obtained an unfavorable judgment in state court, and was unsuccessful in his state appeals. He even concedes that he was forced to litigate in federal court as a "last resort" because of the outcome of his state court proceedings, which had ended and were no longer pending when he pursued his federal action.  Second, it is clear from his objections to the magistrate judge's report and his appellate brief that Mr. Carter desires appellate review by the district court of his state court judgment. For example, Mr. Carter has argued that "the [state court's grant of] summary judgment…prevented [him] from getting [his] case settled in court." *See* D.E. 6 at 1. And, on appeal, Mr. Carter continues to argue that the state court's judgment denied him the opportunity to argue his case.[1] Essentially, Mr. Carter has asked the district court to review and, hopefully, abrogate the state court summary judgment so he can prevail in federal court. The

---

[1] Mr. Carter mistakenly suggests that his claims have not been heard in state court because he did not have an opportunity to present those claims to a jury. *See id*. at 1 ("[The magistrate said that the] MMWA authorized me to raise a claim in my state court litigation. Which state court litigation does [the magistrate] refer to? I never had a state court litigation!"). The state court docket, however, shows that Mr. Carter had an opportunity to be heard. He filed a response to Mr. Killingsworth's motion for summary judgment. The state court granted summary judgment, which is an adjudication on the merits of his claims. *See* Fla. R. Civ. P. 1.510(b). And he had the right—which he exercised—to appeal that decision to Florida's First District Court of Appeals.

*Rooker-Feldman* doctrine precludes the district court from hearing this exact type of case.

Mr. Carter nevertheless argues that his federal suit should not be dismissed because he has raised a new federal claim that was not adjudicated in state court. We disagree. First, the Magnuson-Moss Warranty Act allows plaintiffs to bring claims in state court, regardless of the amount in controversy. *See* 15 U.S.C. § 2310. Mr. Carter, therefore, had a reasonable opportunity to bring his federal claim in state court when he first sued Mr. Killingsworth. *See Casale*, 558 F.3d at 1260. Second, Mr. Carter's federal claim is inextricably intertwined with the state court judgment. His federal claim relies on allegations that Mr. Killingsworth's company engaged in fraud and acted negligently; his claims against Mr. Killingsworth in state court were for fraud, negligence, and engaging in unfair or deceptive trade practices. Thus, in order for Mr. Carter to prevail on his federal claim, the district court would have to reject the state court's grant of summary judgment. Accordingly, we hold that the *Rooker-Feldman* doctrine applies to Mr. Carter's case.[2]

---

[2] On appeal, Mr. Carter also argues the merits of his claim and raises a new factual issue—that the judge who granted summary judgment to the defendants in his state court case was bribed—not rasied below. Because we lack subject-matter jurisdiction over this case, we do not address those arguments. *See Powell*, 80 F.3d at 465, n. 1 (11th Cir. 1996) ("Because of our *Rooker-Feldman* holding, we need not address the other issues raised on appeal.").

In sum, the district court correctly dismissed Mr. Carter's complaint for lack of subject-matter jurisdiction.

**AFFIRMED.**