[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13679

Non-Argument Calendar

_____

TIMOTHY W. TARVER,

Plaintiff-Appellant,

*versus*

SUSAN A. TARVER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:20-cv-00690-WKW-SMD

_____

Before JORDAN, ROSENBAUM, AND BRASHER, Circuit Judges.

PER CURIAM:

Appellant Timothy Tarver is a disabled veteran who receives disability benefits from the U.S. Department of Veterans Affairs. When he and Appellee Susan Tarver divorced in Alabama in 2012, the final decree incorporated a settlement agreement under which Tarver agreed to split those benefits equally with Susan.

Since that time, however, Tarver has resisted paying the disability benefits because he believes that the agreement is void and unenforceable under federal law governing military benefits. *See Howell v. Howell*, __ U.S. __, 137 S. Ct. 1400, 1405–06 (2017) (stating that "federal law prohibits state courts from awarding to a divorced veteran's former spouse" military benefits apart from "disposable retired pay," which excludes disability pay).[1] Susan has responded by filing several contempt petitions in state court to

---

[1] Nevertheless, after *Howell*, the states have reached conflicting views about the enforceability of negotiated property divisions that are contrary to federal law in this regard. *Compare Foster v. Foster*, __ N.W.2d __, 2022 WL 1020390, *7 (Mich. Apr. 5, 2022) ("[T]he provision of the parties' consent judgment of divorce that divides defendant's military retirement and disability benefits is generally enforceable under the doctrine of res judicata even though it is preempted by federal law."), *with Williams v. Burks*, __ So.3d __, 2021 WL 5143756, *7–8 (Ala. Civ. Ct. App. Nov. 5, 2021) (holding that a division of disability benefits could not be enforced, and that res judicata did not apply, because the trial court "lacked the authority to award the former wife any portion of the VA disability benefits").

enforce the payment obligation.  As we noted in a prior appeal aris-ing from these same facts, Tarver repeatedly argued to the state trial court that it "lacked jurisdiction under federal law to divide his disability benefits. . . .  But [the trial court] repeatedly rejected this claim.  And Alabama's appellate courts repeatedly affirmed [the trial court's] ruling."  *Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020).

Stymied by what he views as the state courts' refusal to ap-ply controlling federal law, Turner has repeatedly sought redress in federal district court.  Before filing the instant case, he attempted to remove a contempt petition, and he initiated separate suits against Susan and the state trial judge who entered and enforced the divorce decree.  The district court repeatedly denied Tarver re-lief, concluding in part that it lacked jurisdiction under the *Rooker-Feldman* doctrine to review and reject the state court orders requir-ing him to pay half of his VA disability benefits to Susan.  Tarver appealed the dismissal of his suit against the state trial judge, and we affirmed.[2]  *See Tarver*, 808 F. App'x at 754.

Now, Tarver has sued Susan again in federal court, seeking declaratory and injunctive relief to prevent her from making any claim to his disability benefits under the divorce decree and to re-cover the payments already made.  Again, the district court found

---

[2] Although we noted that Tarver's procedural-due-process claim against the state trial judge may have survived *Rooker-Feldman*, no similar claim is at is-sue here.  *See Tarver*, 808 F. App'x at 754 n.3.

that it lacked jurisdiction under *Rooker-Feldman* because the relief Tarver sought was "a ruling that in substance amounts to appellate review of the state court judgment[s] rendered against him." Tarver appeals.[3]

We review *de novo* the district court's determination that it lacks jurisdiction under the *Rooker-Feldman* doctrine. *Behr v. Campbell*, 8 F.4th 1206, 1209 (11th Cir. 2021). The *Rooker-Feldman* doctrine recognizes that "state court litigants do not have a right of appeal in the lower federal courts." *Id.* at 1209–10. "[O]nly the Supreme Court can 'reverse or modify' state court judgments; neither district courts nor the circuits can touch them." *Id.* at 1210.

Therefore, when a litigant "come[s] to federal district court[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments," the court lacks jurisdiction. *Behr*, 8 F.4th at 1210 (quotation marks omitted). The doctrine is "limited" and "narrow," however: "Only when a losing state court litigant calls on a district court to modify or overturn an injurious state-court judgment should a claim be dismissed under *Rooker-Feldman*." *Id.* at 1210–11. It is not a "broad means

---

[3] Tarver also appeals the district court's alternative conclusion that, given the prior litigation history, the suit was barred under principles of res judicata and collateral estoppel. Because we affirm the dismissal under *Rooker-Feldman*, we need not consider whether claim or issue preclusion also applies.

of dismissing all claims related in one way or another to state court litigation." *Id.* at 1212.

Here, Tarver's lawsuit falls within the narrow purview of *Rooker-Feldman*. He sought a declaration that "the state's conduct violates 38 U.S.C. § 5301," an order enjoining Susan from any further attempt to enforce the decree, and reimbursement of the payments already made. Each of these requests relies on the same essential claim: that the state courts have violated controlling federal law and acted without jurisdiction by enforcing the negotiated division of his VA disability benefits at divorce. Before filing his complaint in this case, Tarver repeatedly made that same claim in state court, but the trial court repeatedly rejected it and confirmed his obligation to pay, and Alabama's appellate courts repeatedly affirmed the trial court's rulings. *Tarver*, 808 F. App'x at 754.

Because Tarver is a "losing state court litigant" who in substance "calls on a district court to modify or overturn an injurious state-court judgment," his complaint is subject to dismissal under *Rooker-Feldman*. *See Behr*, 8 F.4th at 1210–11 ("[A]ppeals of state court judgments are barred under *Rooker-Feldman*, no matter how the claims are styled."). Tarver's injuries were caused by state-court rulings. *Id.* at 1212 ("The injury must be caused by the judgment itself. Period."). And he invites federal court "review and rejection" of those rulings by seeking declaratory and injunctive relief that would nullify the state court's judgment that Susan is to receive a portion of his disability benefits. *See id.*; *Powell v. Powell*, 80 F.3d 464, 467 (11th Cir. 1996) (holding that *Rooker-Feldman*

barred review of a veteran's constitutional claim because granting him relief would "would effectively nullify the state court's judgment that [his former spouse] is to receive a portion of his naval retirement pay" (quotation marks omitted)).

Tarver raises an abundance of arguments in response, all of which we have considered and found to be unpersuasive. We address some of these arguments in more detail below.

First, the underlying state court orders are sufficiently final to apply *Rooker-Feldman*. *See Nicholson v. Shafe*, 558 F.3d 1266, 1277 (11th Cir. 2009) (stating that, for *Rooker-Feldman* to apply, the state-court proceedings "must have ended" when the federal action was filed). State proceedings confirming Tarver's obligation to pay under the divorce decree were finished well before this action was filed. As we stated in the prior appeal, *Rooker-Feldman* could be applied because Alabama appellate courts have repeatedly affirmed the state trial court's rulings enforcing the division of his disability benefits. *Tarver*, 808 F. App'x at 754.

Second, there is no exception to *Rooker-Feldman* for situations where a state court misapplies controlling federal law. *Rooker-Feldman* recognizes that only the Supreme Court may "review state court decisions for errors of federal law," not district or circuit courts. *Wood v. Orange Cnty.*, 715 F.2d 1543, 1547 (11th Cir. 1983); *cf. Powell*, 80 F.3d at 467 ("Even if the federal court collateral attack on the state court judgment is premised on the unconstitutionality of a federal statute, the *Rooker–Feldman* doctrine still applies."). An appeal with merit is still an appeal.

Third, Tarver has not identified a specific grant of jurisdiction to federal courts to hear the kind of challenge he brings here. *See, e.g.*, *Carmona v. Carmona*, 603 F.3d 1041, 1051 (9th Cir. 2010) ("Where Congress explicitly grants exclusive jurisdiction to federal courts, *Rooker-Feldman* cannot bar collateral review of a state court order in federal court."). The statute cited by Tarver, 38 U.S.C. § 511(a), speaks to the authority of the Secretary of the Department of Veterans Affairs over benefits decisions; it does not grant any jurisdiction to federal courts.

Fourth, Tarver did not raise any "independent claim" that could evade the scope of *Rooker-Feldman*. *See Behr*, 8 F.4th at 1212 (stating that *Rooker-Feldman* does not block claims "if the plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached"). He did not claim that Susan engaged in any wrongful conduct apart from enforcing the allegedly "void *ab initio*" judgment. Rather, he brought what "amount[s] to a direct attack on the underlying state court decision[s]." *Id.* (quotation marks omitted).

Finally, Tarver's arguments based on policy concerns and judicial economy are unavailing because we lack jurisdiction to grant the relief he seeks. So even if we agreed with him on these matters, it would not change the result in this case.

For all these reasons, we affirm the district court's dismissal of Tarver's complaint based on the *Rooker-Feldman* doctrine.

**AFFIRMED.**