[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 8, 2010
JOHN LEY
CLERK

No. 08-16780
Non-Argument Calendar
_____

D. C. Docket No. 07-00508-CV-FTM-34-DNF

TIMOTHY E. TRIMBLE,

Plaintiff-Appellant,

versus

UNITED STATES SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 8, 2010)

Before BLACK, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Timothy Trimble, proceeding *pro se*, appeals from the district court's order dismissing his complaint under Fed.R.Civ.P. 12(b)(1) for lack of subject-matter jurisdiction. Trimble brought his complaint under the Fifth Amendment to the U.S. Constitution and various statutes, including 5 U.S.C. §§ 701-706 (the Administrative Procedure Act), 28 U.S.C. § 1346 (the Federal Tort Claims Act), and 42 U.S.C. § 405 (permitting, in certain situations, judicial review of final decisions by the Commissioner of Social Security). On appeal, Trimble argues that, pursuant to 42 U.S.C. § 659, the court had jurisdiction to consider his claims that the Social Security Administration ("SSA"): (1) violated his right to procedural due process by garnishing his Social Security benefits pursuant to a state court order without first providing him with an opportunity to challenge the garnishment; and (2) wrongfully garnished his benefits pursuant to a state court order that was not regular on its face. In addition, Trimble argues that the district court erred by failing to hold a hearing in his case. In his reply brief, Trimble contends that the district court violated his First Amendment rights by failing to hold a hearing, and that the SSA also violated his First Amendment rights by failing to hold a hearing regarding the garnishment of his benefits.

## II.

In August 2007, Trimble, proceeding *pro se*, began this action by filing in

2

the district court a "Motion for Injunctive Relief Sought" pursuant to Fed.R.Civ.P. 65. In his motion, Trimble alleged that the SSA violated his right to procedural due process by garnishing $600 each month from his Social Security benefits without first providing him with an opportunity to challenge the garnishment. He explained that a Pennsylvania state court had ordered that his benefits be garnished because his child support payments were past due. He alleged that he received a letter from the SSA on March 28, 2007, which informed him that the SSA would garnish his benefits beginning on April 1, 2007. He asserted that he did not wish to challenge the substantive validity of the garnishment order. Instead, he challenged the fact that the SSA did not provide him with adequate notice or an opportunity to challenge the garnishment.

Trimble filed evidentiary exhibits in support of his motion. These exhibits included a copy of the state court garnishment order. This order, which was labeled "Order/Notice to Withhold Income for Support," directed the SSA office in Ambridge, Pennsylvania to withhold $600 each month from Trimble's benefits. It was dated and bore the state court judge's electronic signature. The order did not contain any apparent irregularities.

Thereafter, Trimble filed a complaint pursuant to 5 U.S.C. §§ 702 and 705, 28 U.S.C. § 1346, and the U.S. Constitution. In his complaint, he made

3

substantially the same allegations as in his motion for injunctive relief. He also alleged that the Pennsylvania court that had rendered the child support order lacked jurisdiction over the parties involved in the suit because he, his ex-wife, and his daughter had not lived in Pennsylvania for years. He appeared to assert that the SSA had erred by failing to provide him with an administrative hearing regarding the garnishment. Trimble subsequently filed a motion seeking a restraining order pursuant to Fed.R.Civ.P. 65(b), in which he requested that the court restrain the SSA from garnishing his disability benefits.

The SSA moved to dismiss Trimble's complaint and his motion seeking injunctive relief. Rather than respond to the motion to dismiss, Trimble filed an amended "Complaint for Injunctive Relief Sought," raising the same grounds for relief that he raised in his initial complaint and motion for injunctive relief. He added that he brought his claims pursuant to 5 U.S.C. §§ 702 and 705, 28 U.S.C. § 1346, 42 U.S.C. § 405(g), and the Fifth Amendment to the U.S. Constitution. Trimble alleged that the SSA had violated its own policy provision, GN 03001.005, which set forth "operating procedures for providing due process." He asked that the court: (1) enter an injunction against the SSA; (2) order the SSA to reimburse him for the garnished funds; and (3) order the SSA to conduct a hearing so that he could "contest the claims made against [his] disability benefit[s]." In

4

addition, Trimble filed an amended motion for injunctive relief, which was virtually identical to his initial motion for injunctive relief.

Because Trimble had filed an amended complaint, the court denied as moot the SSA's motion to dismiss the original complaint. The court dismissed Trimble's motions for an injunction and a restraining order because he failed to submit affidavits or a verified complaint demonstrating that the SSA's actions would cause him to suffer immediate and irreparable loss.

The SSA then filed a motion to dismiss Trimble's amended complaint, arguing that the district court should dismiss the complaint under Fed.R.Civ.P. 12(b)(1) for lack of subject-matter of jurisdiction. The SSA argued that the district court lacked jurisdiction over Trimble's complaint because the United States had not waived its sovereign immunity as to the claims Trimble sought to raise. The SSA further argued that, even if the court had jurisdiction, the SSA had not violated Trimble's right to procedural due process because: (1) 42 U.S.C. § 659 authorized it to garnish Trimble's Social Security benefits in order to fulfill his support obligations; and (2) under § 659(f)(1), SSA officers were immune from liability for garnishing disability benefits as long as the garnishment was made pursuant to "legal process regular on its face" and the regulations set forth in § 659. The SSA also contended that the only procedural due process requirement

5

that it was required to satisfy was § 659(a)'s requirement that it give Trimble 15 days' notice of the garnishment.

Trimble responded to the SSA's motion to dismiss, arguing that the court possessed subject-matter jurisdiction over his claims pursuant to the Fourteenth Amendment and 5 U.S.C. §§ 702, 703, and 705. He argued that Congress waived the SSA's immunity from procedural due process claims in 5 U.S.C. §§ 702, 703, and 705. Trimble also argued that the state court's garnishment order was invalid because: (1) his child was currently 27 years' old; (2) the order was not accompanied by a service document, such as a certificate of service; and (3) the state court lacked jurisdiction to enter the order. He contended that future benefits, such as his future disability benefits, were not properly subject to garnishment. Construing Trimble's response broadly, he argued finally that the SSA's actions were separate and distinct from the state court proceedings, and that he could challenge the SSA's unlawful actions without raising a challenge to the state court proceeding. In this pleading, as in his previous pleadings in this case, Trimble failed to request a hearing.

The district court granted the SSA's motion to dismiss. The court first found that the federal government is immune from suit absent an express waiver of its immunity. Addressing 42 U.S.C. § 659, the court determined that this statute sets

6

forth a limited waiver of sovereign immunity to allow for the garnishment of proceeds, such as social security benefits for the enforcement of child support and alimony payments. The court found that this waiver permits only the enforcement of garnishment orders, and does not provide federal courts with jurisdiction to entertain an action against the government regarding its garnishment of federal benefits. The court discussed § 659(f), finding that this provision makes clear that the government is not liable for its garnishment of benefits where the garnishment was made pursuant to legal process that is regular on its face. In addition, the district court addressed each of the statutes relied upon by Trimble in his pleadings, finding that these statutes also did not provide it with subject-matter jurisdiction to address his claims against the SSA.

**III.**

We review *de novo* a district court's dismissal of a complaint for lack of subject-matter jurisdiction. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). We construe the complaint in the light most favorable to the plaintiff and accept as true all of the factual allegations in the complaint. *Id.* In addition, we liberally construe a *pro se* litigant's pleadings. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). We review *de novo* a district court's determination as to whether the government is entitled to sovereign immunity.

7

*United States v. 1461 W. 42nd St., Hialeah, Fla.*, 251 F.3d 1329, 1334 (11th Cir. 2001).

The United States government may not be sued without its consent, and this immunity extends to federal government agencies. *Asociacion de Empleados del Area Canalera ("ASEDAC") v. Panama Canal Comm'n*, 453 F.3d 1309, 1315 (11th Cir. 2006). "[T]he existence of [the government's] consent is a prerequisite for jurisdiction." *Id.* "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text." *Id.* (quotation omitted).

Under 42 U.S.C. § 659(a), moneys, including social security benefits, paid by the government or a government agency "shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to withholding in accordance with State law . . . to enforce the legal obligation of the individual to provide child support or alimony." 42 U.S.C. § 659(a); *United States v. Morton*, 467 U.S. 822, 826-27, 104 S.Ct. 2769, 2772, 81 L.Ed.2d 680 (1984). The statute directs that any federal agency who is served with such a state court order must, within 15 days of service, send the obligor a notice that it will garnish his wages or benefits. 42 U.S.C. § 659(c)(2)(A). Within 30 days of service, the agency must begin withholding sums from the obligor's wages or benefits in compliance with the state court order. 42 U.S.C.

8

§ 659(c)(2)(C). The statute further provides that:

> Neither the United States, nor the government of the District of Columbia, nor any disbursing officer shall be liable with respect to any payment made from moneys due or payable from the United States to any individual pursuant to legal process regular on its face, if the payment is made in accordance with this section and the regulations issued to carry out this section.

42 U.S.C. § 659(f)(1). Under § 659, the term "legal process" includes any garnishment order issued by a state court of competent subject-matter jurisdiction. 42 U.S.C. § 659(i)(5). We note that the Former Spouse Protection Act, 10 U.S.C. § 1408 ("FSPA"), a statute similar to 42 U.S.C. § 659, provides that judicial process is "'regular on its face' if it is issued by a court of competent jurisdiction, is legal in form, and includes nothing that indicates it is issued without authority of law." *Simanonok v. Simanonok*, 787 F.2d 1517, 1519 & n.4, 1521 (11th Cir. 1986); 10 U.S.C. § 1408(b)(2).

Under § 659(f), "the Government cannot be held liable for honoring a writ of garnishment which is 'regular on its face' and has been issued by a court with subject-matter jurisdiction to issue such orders." *Morton*, 467 U.S. at 836, 104 S.Ct. at 2777. This principle furthers the need "to facilitate speedy enforcement of garnishment orders and to minimize the burden on the Government." *Id.* at 835-36, 104 S.Ct. at 2776-77. In *Morton*, the Supreme Court applied this principle to hold that the government is not permitted to consider whether a

garnishment order was entered by a court with personal jurisdiction over the parties, because this would require the government to look beyond the face of the court order. *Id.* at 829-36, 104 S.Ct. at 2773-77.

Under the *Rooker/Feldman*[1] doctrine, federal courts generally lack subject-matter jurisdiction to review final judgments rendered by state courts. *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). The doctrine bars federal jurisdiction where all of the following criteria are met:

> (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment.

*Storck v. City of Coral Springs*, 354 F.3d 1307, 1310 n.1 (11th Cir. 2003) (quotation omitted). "A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Goodman*, 259 F.3d at 1332.

We have applied the *Rooker-Feldman* doctrine to a case similar to the one presented here, where a state trial court, acting pursuant to the FSPA, entered a

---

[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

10

garnishment order directing the U.S. Navy to withhold a portion of the appellant's retirement pay. *See Powell v. Powell*, 80 F.3d 464, 466-67 (11th Cir. 1996). The appellant filed a complaint in the federal district court, alleging that the FSPA was unconstitutional as applied to him. *Id.* at 466. We held that, under the *Rooker-Feldman* doctrine, the district court lacked subject matter jurisdiction over the claim, because a judgment that the FSPA was unconstitutional as applied to the appellant would "effectively nullify" the state court's judgment that his former wife should receive a portion of his retirement pay. *Id.* at 467.

Here, the state court order directing that the SSA garnish Trimble's benefits was entered by a state court that was competent to adjudicate matters involving child support. In addition, the order was dated, bore the judge's electronic signature, and lacked any indication that it was not valid legal process. Thus, the record demonstrates that the state court order at issue here was regular on its face. Accordingly, pursuant to 42 U.S.C. § 659(f)(1) and (i)(5), the SSA was immune from liability because it garnished Trimble's benefits pursuant to a state court order entered by a court of competent subject-matter jurisdiction. While Trimble argued to the district court that the state court had lacked personal jurisdiction over the parties, the government was not permitted to look beyond the face of the garnishment order in an attempt to discern whether the ordering court had personal

11

jurisdiction. For these reasons, the district court correctly determined that, pursuant to § 659(f), it lacked subject matter jurisdiction over Trimble's claims.

Although the district court did not address the applicability of the *Rooker/Feldman* doctrine, we note that Trimble's complaint appears to raise claims that should be adjudicated by the state court that entered the garnishment order. A judgment that 42 U.S.C. § 659 is unconstitutional as applied to Trimble would have the effect of nullifying the state court's garnishment order. Moreover, Trimble does not point to, and the record does not reveal, any reason why he could not have brought his challenges to § 659 and the garnishment order in state court.

**IV.**

We do not consider on appeal arguments that a litigant failed to present to the district court. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1303 (11th Cir. 2009). In addition, we do not consider an argument that a *pro se* litigant raises for the first time in his reply brief. *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003).

Even under a liberal construction of Trimble's pleadings below, he did not request that the district court grant him a hearing. In addition, he presents his First Amendment arguments for the first time in his reply brief. Accordingly, we do not consider these arguments on appeal, and affirm as to this issue.

**AFFIRMED.**

12