**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2209
_____

MELVIN ABDULLAH EL-AMIN,
Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4:21-cv-02060)
District Judge: Honorable Robert D. Mariani

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on October 5, 2023

Before: BIBAS, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: October 30, 2023)

_____

_____

OPINION[*]

_____

PER CURIAM

Plaintiff Melvin Abdullah El-Amin appeals pro se and in forma pauperis from the District Court's order dismissing his complaint[1] against the Commissioner of the Social Security Administration (SSA)[2] that raises various claims related to his Social Security benefits and distributions. We will summarily affirm.[3]

El-Amin, a state inmate, claims that the SSA underpaid his benefits from 2011 to 2014[4] because SSA calculated his benefits as Supplemental Security Income (SSI)[5] instead of early retirement benefits, which he had applied for and believed he was

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] El-Amin filed his complaint and two documents entitled "Social Security Appeal" and "Social Security Appeal Amendment," which we construe as supplements to his complaint. For purposes of this Opinion, we incorporate El-Amin's supplemental documents into his original complaint.

[2] Our reference to "the Commissioner" in this opinion refers to whomever was holding or acting in that role at the relevant time

[3] El-Amin filed his Informal Appeal Brief before the Clerk issued a briefing schedule. In reaching our decision, we have treated his Brief as a document in support of the appeal and considered the arguments raised therein.

[4] This represents the time-period after El-Amin's release from prison in July 2011 and before his return to confinement due to criminal conviction in 2014.

[5] There appears to be no dispute that El-Amin's benefits were SSI until September 2017, when they converted to retirement income benefits based on his age. We note that this does not appear to comport with the statutory and regulatory framework for social security benefits given El-Amin's age, and we intend no substantive ruling as to the classification of the benefits received by El-Amin.

receiving.[6] In addition, El-Amin challenges the ongoing garnishment of his social security benefit payments that began in August 2011 due to a child support obligation in Maryland. He alleges violations of his constitutional rights, obstruction of justice, violations of the Consumer Credit Protection Act, and other forms of malfeasance by SSA, and demands restoration of the full benefits that he claims he is owed, repayment of various sums that he alleges were wrongfully withheld from him, and, due to the economic hardship caused by SSA's claimed mishandling of his case, a waiver of an overpayment that was previously paid to him.

On August 15, 2011, El-Amin received a letter from the SSA notifying him of the amount of his benefit and the amount that would be withheld pursuant to the Maryland child support order. The August 15, 2011 letter explained that El-Amin would need to contact the Maryland Court directly if he disagreed with that court's child support order. The letter also explained that if El-Amin disagreed with the SSA's initial determination of benefits, he must appeal the determination within 60 days by filing a written request for reconsideration. El-Amin also received letters from the SSA on August 16, 2011, and June 13, 2012, again explaining garnishment amount and reiterating that any disputes as to the state court child support order must be raised directly with that court. El-Amin did not file a request for reconsideration of the amount of his benefit within 60 days of the August 15, 2011 letter or otherwise request a hearing as to the same.

---

[6] Documents submitted in support of El-Amin's complaint indicate that he was 64 years old in 2011.

El-Amin first contacted the Commissioner about his benefits by letter in 2016.[7] When El-Admin did not receive a substantive response to his letters, he sought assistance from a local Senator. Dissatisfied with the Senator's response to his correspondence, El-Amin contacted SSA to file complaints of unfair treatment and discrimination.[8] He also filed the instant lawsuit.

The Commissioner moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The matter was referred to a Magistrate Judge, who issued a report and recommendation to dismiss for lack of subject matter jurisdiction. After considering El-Amin's objections to the report and recommendation, the District Court adopted the report and recommendation and dismissed the action. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal of the complaint for lack of subject matter jurisdiction.

---

[7] El-Amin's complaint states that he lodged an informal complaint by letter addressed to the Commissioner. That letter is not attached to his complaint. The SSA responded by providing him with information about benefit eligibility for incarcerated persons, prompting El-Amin to send a second letter, dated August 16, 2016. That letter stated El-Amin's belief that his benefits were incorrectly calculated and that the Commissioner misunderstood his prior correspondence.

[8] On July 4, 2017, El-Amin mailed a complaint related to the classification and amount of his benefits to the SSA Office of Hearing and Appeal, which sought a hearing before an unbiased Administrative Law Judge (ALJ). On May 20, 2020, El-Amin mailed the Office of the Inspector General at SSA headquarters to request intervention into that complaint. El-Amin also mailed a discrimination complaint and an unfair treatment complaint on April 1, 2021, to the director of the SSA Adjudication Office and with the SSA's Office of Hearing Operations, Division of Quality Services, respectively.

See Tobak v. Apfel, 195 F.3d 183, 185 (3d Cir. 1999). We may summarily affirm the District Court's judgment if the appeal presents no substantial question, see 3d Cir. L.A.R. 27.4 and I.O.P. 10.6, and must dismiss the appeal under § 1915 if it is frivolous.

The primary basis for El-Amin's appeal appears to be his belief that it was improper for the Magistrate Judge to issue a report and recommendation on the motion to dismiss because he did not consent to have a magistrate judge conduct all proceedings in the case. This argument is without merit. See 28 U.S.C. § 636(b); Fed. R. Civ. P. § 72. The District Court de novo reviewed the report and recommendation,[9] and it was the District Court that ultimately decided the merits of El-Amin's claims and entered final judgment dismissing his complaint. Upon careful consideration, we agree with the District Court's assessment of El-Amin's complaint.[10]

The District Court correctly concluded that it lacked jurisdiction to consider El-Amin's claims. A district court's jurisdiction to review claims arising under the Social Security Act is limited by 42 U.S.C. § 405(g), which permits judicial review only "after any final decision of the Commissioner of Social Security made after a hearing." The Act

---

[9] Indeed, the District Court acknowledged El-Amin's objections to the report and recommendation insofar as El-Amin argued that the Magistrate Judge misunderstood and, therefore, failed to fully address his claims; considered the claims anew; and ultimately concluded, to the extent the Magistrate Judge misunderstood or failed to consider any of El-Amin's averments, it did not affect the propriety of the Magistrate Judge's recommendation.

[10] To the extent El-Amin also argues that the Magistrate Judge wrongfully denied his motion for default judgment, we agree with the Magistrate Judge's determination. Default judgment was not warranted as the Commissioner responded to El-Amin's complaint by filing a motion to dismiss.

does not define "final decision," but instead leaves it to the Commissioner to give meaning to that term through regulations. Sims v. Apfel, 530 U.S. 103, 106 (2000); see also 42 U.S.C. § 405(a). Under the regulations, a final decision for § 405(g) purposes occurs after a claimant has completed all steps of the administrative review process, including seeking an initial determination, a reconsideration determination, a hearing decision by an administrative law judge, and discretionary review by the Appeals Council. See 20 C.F.R. § 404.900(a)(1)-(5); Smith v. Berryhill, 587 U.S.___ , 139 S. Ct. 1765, 1772 (2019) (explaining the steps that are generally required for a claimant to seek relief in federal court pursuant to § 405(g)).

To the extent El-Amin seeks a determination that the SSA underpaid his benefits from 2011 to 2014 due to improper classification and calculation of the same, we agree with the District Court that El-Amin "has not followed the defined pathway for judicial review of agency determinations." Record on Appeal (RA) 224. Dispositively, although El-Amin received notice in August 2011 of his reinstituted benefit, the calculation of its amount, and his right to seek administrative reconsideration, he did not seek any administrative reconsideration or otherwise elect for further review or hearing by an ALJ. The 2011 initial determination therefore became binding without a hearing. See 20 C.F.R. § 404.905 ("An initial determination is binding unless you request a reconsideration within the stated time period, or we revise the initial determination."); 20 C.F.R. § 404.987(a) ("Generally, if you are dissatisfied with a determination or decision made in the administrative review process, but do not request further review within the stated time period,

you lose your right to further review and that determination or decision becomes final."). As El-Amin's application for benefits—resulting in the reinstitution of his benefits in 2011—has been considered only at the initial determination stage and remained subject to further administrative review if requested, see 20 C.F.R. § 404.902, it is not a "final decision" for purposes of § 405(g). See Weinberger v. Salfi, 422 U.S. 749, 765 (1975). And absent a final decision, the District Court lacked subject matter jurisdiction to review El-Amin's claims that the benefits he received were incorrect.[11] See Fitzgerald v. Apfel, 148 F.3d 232, 234 (3d Cir. 1998).

Nevertheless, El-Amin could establish subject matter jurisdiction by raising a colorable constitutional claim that is collateral to the substantive claim of entitlement. Califano v. Sanders, 430 U.S. 99, 109 (1977); Bowen v. City of New York, 476 U.S. 467, 483 (1986). To the extent El-Amin raises a due process claim by arguing that the SSA negligently handled his attempts, beginning in 2016, to bring the claimed errors to SSA's attention or otherwise systematically blocked his access to an administrative hearing, any such claim is not colorable. El-Amin has not claimed that he received constitutionally defective notice of the SSA's initial determination and the administrative remedies available to him. If the 2011 determination was procedurally insufficient or substantively

---

[11] The requirement that there must be a final decision "consists of two elements, only one of which is purely 'jurisdictional' in the sense that it cannot be 'waived'" by the Commissioner in a particular case. Mathews v. Eldridge, 424 U.S. 319, 328 (1976). The requirement of a claim for benefits is the nonwaivable requirement, whereas the requirement to exhaust administrative remedies may be waived. Id. The SSA has not waived exhaustion in this case.

wrong, El-Amin's remedy was to appeal it; yet El-Amin offered no evidence of an inability to do so. Cf. Rogerson v. Sec'y of Health & Human Servs., 872 F.2d 24, 28-29 (3d Cir. 1989).

Moreover, although regulations allow the SSA, at any time, to grant an extension of time to file for reconsideration upon a showing of good cause, see 20 C.F.R. § 404.909, or to reopen the initial determination within four years for error or other good cause, see 20 C.F.R. §§ 404.987-404.989, El-Amin has not availed himself of either option. Even if we could construe his correspondence to the SSA as attempting to do so, to the extent the SSA dismissed any such request without a hearing, it would neither confer subject matter jurisdiction nor have violated due process in a manner permitting judicial review. Cf. Sanders, 430 U.S. at 107–08 (holding that § 405(g) "cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits" because a petition to reopen was a matter of agency grace that could be denied without a hearing altogether).

El-Amin also broadly contends that he should be permitted to bypass receiving any rulings by the SSA because the SSA is biased against him. These allegations of unfair treatment and discrimination are directly related to El-Amin's entitlement claim and do not provide independent grounds for jurisdiction absent a final decision. See Subia v. Comm'r of Soc. Sec., 264 F.3d 899, 902 (9th Cir. 2001) (reasoning that "[a] constitutional claim is not colorable if it clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial or frivolous" (alteration,

8

internal quotation marks, and citation omitted)); <u>cf.</u> <u>Heckler v. Ringer</u>, 466 U.S. 602, 614, 624 (1984) (concluding that 42 U.S.C. § 405(h) precluded judicial review absent exhaustion where constitutional claims were "'inextricably intertwined' with claims for benefits"); <u>Hummel v. Heckler</u>, 736 F.2d 91, 94 (3d Cir. 1984) ("The [SSA's promulgated] regulation apparently contemplates that factfinding with respect to claims of bias take place at the agency level, and that judicial review of bias claims take place in review proceedings under section 405(g).").

Further, to the extent El-Amin continues to challenge the SSA's garnishment of his benefits payments, we agree with the District Court's resolution of this claim. The United States has made itself subject to state-authorized garnishment proceedings of money due from remuneration for employment for the enforcement of child-support obligations. 42 U.S.C. § 659(a); <u>see</u> <u>Overman v. United States</u>, 563 F.2d 1287, 1292 (8th Cir. 1977) ("Under § 659, the United States must respond to the garnishment to the same extent as a private person for similar legal process and only to that extent."). Although § 659(a) provides a limited waiver of sovereign immunity under certain conditions, § 659(f)(1) enacts an absolute shield to government liability for payments made "pursuant to legal process regular on its face, if the payment is made in accordance with this section and the regulations issued to carry out this section." <u>See</u> <u>United States v. Morton</u>, 467 U.S. 822, 834-36 (1984).

In this case, nothing in the record indicates that the Maryland state court writ of garnishment was not valid legal process. <u>See</u> § 659(i)(5) (defining legal process); <u>see also</u>

9

Morton, 467 U.S. at 834-36; (explaining that, under § 659, the government need not look past the face of the document to determine if it is valid legal process). However, El-Amin appears to argue that the SSA should not have enforced the state court order because it was directed to an employer only for purposes of earning withholdings. To the extent this argument is directed to the facial validity of the garnishment order, we note that 5 C.F.R. § 581.202(a) does not require the legal process to expressly name the government entity as the garnishee. We do not address this argument further because El-Amin never presented it to the District Court. See Harris v. City of Philadelphia, 35 F.3d 840, 845 (3d Cir. 1994) ("This court has consistently held that it will not consider issues that are raised for the first time on appeal.").

Finally, El-Amin appears to argue that the SSA's levy of his SSI benefit was contrary to § 659 and garnished more than what was permissible by the terms of the garnishment order itself. We agree that SSI benefits are not based upon remuneration for employment, nor generally subject to attachment. See 42 U.S.C. §§ 407(a) & 1383(d)(1); 5 C.F.R. § 581.104(j). But to the extent the SSA, pursuant to § 659, complied with Maryland's child-support garnishment order in this case, we discern no basis for jurisdiction in the federal courts. See § 405(g); see also Morton, 467 U.S. at 831 n.12 (noting that § 659(f) "specifies only those circumstances in which the Government is not liable"); Stephens v. U.S. Dep't of Navy, 589 F.2d 783, 783 (4th Cir. 1979) (per curiam) (holding that § 659 neither confers federal jurisdiction nor creates a federal cause of action). And as the SSA repeatedly pointed out to El-Amin, challenges to the underlying garnishment

10

order ought to have been brought directly to its issuing authority.  See Trimble v. U.S.

Soc. Sec., 369 F. App'x 27, 32 (11th Cir. 2010).

For the foregoing reasons, the appeal does not present a substantial question.  We

will summarily affirm the District Court's order.  See 3d Cir. L.A.R. 27.4 (2011); 3d Cir.

I.O.P. 10.6 (2018).